# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 27, 2011

142647

LAETHEM EQUIPMENT COMPANY,
LAETHEM FARM SERVICE COMPANY,
MICHAEL T. LAETHEM, and MARK E.
LAETHEM,
          Plaintiffs-Appellees,

v

CURRIE KENDALL, P.L.C.,
          Defendant-Appellant.
_____/

Robert P. Young, Jr.,
*Chief Justice*

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
*Justices*

SC: 142647
COA: 293116
Saginaw CC: 05-055440-NM

On order of the Court, the application for leave to appeal the January 13, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur for the simple reason that the language of the release at issue does not include defendants. Unfortunately, the Court of Appeals, which reached the correct result, engaged in an analysis that was clouded and confused by *Shay v Aldrich*, 487 Mich 648 (2010). Relying upon *Shay*, as it was obligated to do, the Court of Appeals engaged in an unnecessary discussion concerning third-party beneficiaries to determine that defendants are not third-party beneficiaries of this release, a conclusion that is both obvious and irrelevant. As I stated in my dissent in *Shay*, "[t]he third-party-beneficiary statute is relevant in this case only because it precludes a court from considering plaintiff's motion for reformation, not because it provides a basis for rewriting Michigan contract law." *Shay*, 487 Mich at 704. In the instant case, however, there being no motion for reformation or, indeed, any need for such motion, the third-party beneficiary statute simply has no application. It is regrettable, but altogether predictable, that the parties would disagree concerning the meaning of *Shay*, and that the lower courts in following *Shay* would engage in irrelevant analysis of contract law. *Shay*, in my judgment, remains a decision that "unsettles contract law in this state on the basis of an essentially impenetrable analysis." *Id*. at 706.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 27, 2011 _____

_____
Clerk

t0524